UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERROD S. WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-140** |
| **MICHAEL J. ASTRUE**<br>**COMMISSIONER OF SOCIAL SECURITY**<br>**ADMINISTRATION** | **SECTION "C" (3)** |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion for Attorney Fees and Costs Under the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. #19]. The motion is unopposed. For the reasons stated below, it is RECOMMENDED that Plaintiff's Motion for Attorney Fees and Costs Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 [Doc. #19] be GRANTED IN PART, in that the Commissioner be ordered to pay attorney's fees in the amount of $3,894.00 (24.9 hours at $160.00 per hour).[1]

**I.     The EAJA and Number of Hours Claimed**

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the

---

[1] Plaintiff does not seek costs in his petition.

fourth sentence of Section 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994). The prevailing party is entitled to fees unless the government meets its burden of showing that its position was substantially justified or that special circumstances make an award unjust. *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988).

On August 25, 2011, the Commissioner filed Defendant's Unopposed Motion for Reversal and Remand [Doc. #17] under the fourth sentence of 42 U.S.C. § 405(g). On August 26, 2011, the District Judge granted the motion and remanded this case to the Commissioner for further proceedings [Doc. #18]. The Commissioner does not contest that plaintiff is the prevailing party and entitled to an award of EAJA fees. Furthermore, the undersigned has reviewed the statement of charges submitted by plaintiff's counsel and has determined that the majority of time spent on the services performed is reasonable.

However, the Court finds that several of the entries are unreasonable. On January 24, 2011, plaintiff lists two entries, "Receipt and review of initial case assignment" and "Receipt and review of order granting in forma pauperis," at 0.3 hours each. In addition, on August 26, 2011, plaintiff lists another entry, "Receipt and review of judgment reversing and remanding case," at 0.3 hours. Further, on August 4 and 5, 2011, respectively, plaintiff lists two entries at 0.3 hours each: "Receipt and review of consent motion for extension of time" and "Receipt and review of order granting extension of time." The Court finds that 0.3 hours to review each of these entries is unreasonable as none of the documents reviewed constitute more than a paragraph. Accordingly, the Court will reduce the time for these entries to 0.1 hours.

In addition, plaintiff lists three e-filing error entries: (1) "Receipt and review of correction

of docket entry" at 0.3 hours; (2) "Receipt and review of notice of deficiency" at 0.3 hours; and (3) "Refile motion for summary judgment and attachments" at 0.5 hours.  While the Court recognizes that many attorneys often err when e-filing, the Court is unaware of any legal authority that would allow it to charge the Social Security Administration for time spent by plaintiff's counsel when correcting counsel's own errors.  Accordingly, the Court will not award attorney's fees for these three time entries.

**II.     Hourly Rate**

In the petition, plaintiff's attorney seeks to recover fees at an hourly rate of $160.00.  For the following reasons, the Court finds that such an hourly rate is appropriate under the EAJA in this district.  Louisiana federal courts have noted that the EAJA provides in relevant part that the amount of fees awarded

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor. . . justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors."  *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted). Although courts are clearly authorized to figure cost of living increases into the hourly rate, courts within this district have often held that an award of EAJA fees at $125.00 per hour is appropriate.  *See e.g., Passaro v. Barnhart*, No. 04-1300, 2005 WL 1432368 (E.D. La. Mar. 27, 2005) (Barbier, J.) (finding that $125 fee satisfies the purposes of the act); *Buras*

*v. Barnhart*, No. 01-618, 2004 WL 74315 (E.D. La. Jan. 14, 2004) (Zainey, J.) (collecting cases and finding that $125.00 is the accepted fee in the district); *Knight v. Barnhart*, No. 02-1741, 2003 WL 21467533 (E.D. La. June 20, 2003) (Vance, J.) (same); *Jackson v. Barnhart*, No. 01-1911, 2002 WL 927799 (E.D. La. May 7, 2002) (Barbier, J.) (same). Only recently has this federal court awarded an hourly rate higher than $125.00. *See Brown v. Astrue*, Civ. A. No. 07-6933, 2008 WL 4186877 (E.D. La. Sept. 9, 2008) (awarding hourly rate of $150.00 under the EAJA).[2]

When a given locale has experienced a significant change in the cost of living, the Court may increase the hourly rate beyond the nominal statutory cap. *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). The rate need not precisely track the cost of living increase for the geographical area, but instead should be calculated "only to the extent necessary to ensure an adequate source of representation." *Id.*

The Fifth Circuit has held "that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered." *Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir. 1992). Therefore, EAJA fees must be adjusted yearly. To do otherwise "in effect award[s] interest for the . . . delay in payment" and "is a prohibited award of interest against the United States." *Id.* at 1076-77. According to the Court's calculation, the cost of living in this area increased approximately 45.1 percent between March 1996, when Congress

---

[2] There is a plethora of more recent case law from the Western and Middle Districts of Louisiana but scant law from this district. The case law from the other Louisiana federal districts appears to follow *Brown v. Astrue* in their award of hourly rates under the EAJA. *See, e.g., Dauntain v. Comm'r of Social Sec.*, Civ. A. No. 07-CV-1532, 2009 WL 1010211 (W.D. La. Apr. 11, 2009) (following *Brown* and awarding hourly rate of $150.00 under EAJA).

implemented the $125.00 cap, and May 2011, the mid-point of the year during which the majority of the instant services were rendered. *See, e.g., Richards v. Astrue*, Civ. A. No. 07-1020, 2008 WL 4544374 (W.D. La. Oct. 7, 2008) (noting that claimant argued that Consumer Price Index ("CPI") increased by 34.89 percent through December 2007).[3] This change is not insignificant. Increasing the $125.00 statutory cap by 45.1 percent would result in an hourly rate of approximately $181.38. Absent other circumstances, however, the original $125.00 per hour reflects the *maximum* rate to be awarded under the EAJA. Thus, the CPI adjusted rate range of $181.38 contemplates the maximum rate that could be awarded today. *Baker*, 839 F.2d at 1084 (holding that increased rate may never exceed the percentage by which the market rate increased since statute enacted).

After due consideration of prevailing market conditions and the healthy community of social security practitioners in this area, the Court is inclined to accept and to implement an hourly rate of $160.00 per hour for this, and future, EAJA petitions. *See Hawkins v. Astrue*, Civ. A. No. 09-7460, 2010 WL 5375948, *3 (E.D. La. Nov. 24, 2010) (awarding $160.00/hour under the EAJA); *see also Brown v. Astrue*, Civ. A. No. 07-6933, 2008 WL 4186877 (E.D. La. Sept.9, 2008) (settling on an

---

[3] In *Zamora v. Astrue*, the court calculated the cost of living adjustment by comparing the CPI for March 1996, the year in which the $125.00 EAJA rate became effective, with the CPI for the period when the services were rendered. Civ. A. No. C-08-187, 2009 WL 311312 *6, n.1 (S.D. Tex. Feb. 9, 2009). To discern the percentage CPI increase, the court subtracted the March 1996 CPI for All Urban Consumers (155.7) from the then-current CPI and divided the difference by the March 1996 CPI for All Urban Consumers (155.7). *Id.*
In this suit, the CPI in March 1996 was 155.7. The CPI in May 2011 – the mid-point for the services rendered here – was 225.964. Accordingly, this reflects an increase of 45.1% (225.964-155.7/155.7).

hourly rate of $ 150.00). Accordingly, the Court recommends an attorney-fee award in the amount of $3,894.00 (24.9 hours at $160.00/hour).

### III. Conclusion

Accordingly, and for the reasons outlined above,

**IT IS RECOMMENDED** that Plaintiff's Motion for Attorney Fees and Costs Under the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. #19] be GRANTED IN PART, in that the Commissioner be ordered to pay attorney's fees in the amount of $3,894.00 (24.9 hours at $160.00 per hour).

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 14th day of October, 2011.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**